79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marshall MARTINEZ, Plaintiff-Appellant,
v.
KAMA, Lt., Chairperson, Adjustment Committee Members;
Kotsubo, Member, Adjustment Committee; Pait,
A.C.O.; Young, Member, Adjustment
Committee, Defendants-Appellees.
 No. 95-15159.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marshall Martinez appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 On August 26, 1992, Martinez verbally threatened a prison guard. The guard wrote him up for that incident. Martinez was found guilty of misconduct and sentenced to 53 days in disciplinary segregation. In his section 1983 action, Martinez alleges that the prison guard cited him for misconduct in retaliation for an earlier verbal confrontation between them.
 
 
 4
 Martinez contends defendants retaliated against him for exercising his First Amendment right to freedom of speech. We disagree for the reasons stated by the district court.
 
 
 5
 Martinez contends the prison hearing did not satisfy his rights to due process. We disagree. See Sandin v. Conner, 115 S.Ct. 2293, 2300-02 (1995) (prisoner has no federal or state protected liberty interest in due process when his sentence has not been increased and the sanction imposed is not "atypical and significant" in relation to the ordinary incidents of prison life).
 
 
 6
 Martinez contends defendants subjected him to cruel and unusual punishment when they placed him in disciplinary segregation for 53 days. We agree that there was no violation of the Eighth Amendment for the reasons stated by the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3